# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

DOCKET #:

Phyllis Hamel Strobel
        Plaintiff,

COMPLAINT

v.

Westfield State University,
        Defendant,

    Plaintiff, Phyllis Hamel Strobel ("Phyllis" or "Plaintiff"), brings this action against Respondent, Westfield State University ("WSU" or "Defendant"), for denying Phyllis full and equal enjoyment of her employment by failing to adequately prevent or remedy sexual aggression perpetrated against her by an another employee of WSU. WSU's failure to prevent or remedy the assault constitutes sexual harassment and is a violation of M.G.L. 151b s. 4, and Title VII of Civil Rights Act of 1964.  Phyllis has and continues to suffer significant monetary damages and emotional distress.

## JURISDICTION

1. The United States District Court District of Massachusetts has jurisdiction over this matter as it poses a claim under Title VII of the Civil Rights Act of 1964 as amended and all parties reside and incidents occurred in the Commonwealth of Massachusetts.

## PARTIES

2. The Plaintiff, Phyllis Hamel Strobel, is a natural person who at all times resides and continues to reside at 55 Russell Road, Huntington, MA.

3. The Defendant, Westfield State University, is a State University located at 577 Western Ave, PO Box 1630, Westfield, MA 01085.

## FACTS

4. Phyllis is an employee of WSU as a maintainer for 16 years.

5. On or about July 9, 2018 another female employee of WSU assaulted Phyllis by grabbing

    her buttocks in a sexual manner.

6. On or about July 20, 2018 the same employee assaulted Phyllis again by grabbing her buttocks in a sexual manner.

7. On August 3, of 2018 Phyllis filed a "Title IX Complaint Form" with WSU.

8. At some point, Phyllis learned that the same employee had previously grabbed another employee by the breast. .

9. Upon information and belief, WSU was aware the prior incident.

10. For approximately seven months, WSU did nothing to remedy the situation and WSU did nothing anything to provide support to Phyllis during this difficult time. Furthermore, WSU did not do  anything to notify Phyllis of what was transpiring with the investigation

11. During that time, Phyllis was constantly afraid that the incident would happen again and it became an overwhelming anticipation with ever-mounting fear of the unknown creating anxiety.

12. The sexual assault and the anticipation of the incident happening again seriously affected her mental health. She was withdrawn, quiet, not engaging, It changed her entire personality.

13. The change in personality caused considerable familial difficulties. She became irritable, moody, and difficult to talk to, and easily upset. This caused a strain in her relationship with her husband and other members of the family.

14. This stress and anxiety affected her physical health. Her blood pressure become extremely high, and contracted pneumonia.  Her doctor agreed that the increase in stress and anxiety did have an adverse effect on her immune system leading to her illnesses.

15. After several months of no activity by WSU, Phyllis hired counsel; who in a letter dated February 26, 2019 contacted the Vice President for Human Resources to inquire on the status of Phyllis's complaint.

16. Even with the counsel's letter, WSU failed to do anything for another two weeks. On March 18, 2019 a letter dated March 14, 2019 was sent directly to Phyllis admitting there was a violation, but it did not state what remedial action was taken or any other measures that would be taken to assure that these incidents would not occur in the future.

17. On or about March 20, 2019;  a notice of outcome was sent stating that the perpetrator with given a minimal suspension and had to participate in a Discrimination and Harassment Prevention training program.

18. Very shortly thereafter, Phyllis's counsel filed an appeal, based on the following:
    a) The delay in concluding the investigation,
    b) Lack of resolve in the consequences of the perpetrator.

19. On April 18, 2019 a letter was sent to Phyllis upholding the results of the initial decision.

20. Phyllis's counsel subsequently issued a demand letter. To date no response has been filed.

21. On or about May 5, 2019 the Plaintiff filed a complaint against the Defendant with the Massachusetts Commission Against Discrimination ("MCAD"). MCAD and EEOC have a "workshare agreement" where MCAD will file the complaint with EEOC

22. To date MCAD has not taken any action.

23. Plaintiff has withdrawn this matter from MCAD in order to pursue this remedy.

## COUNT I
## GL 151b s. 4

24. Plaintiff repeats and re-alleges paragraphs 1 though 23 as if expressly set forth herein.

25. The acts of the fellow employee along with WSU failure to properly address the matter are a violation of 151b s. 4.

26. As a direct and proximate result of this violation, the Plaintiff has been injured.

WHEREFORE, Plaintiff demands judgment in the amount of $131,500.00 representing three years pay or in an amount deemed appropriate by this Honorable Court plus costs.

## COUNT II
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

24. Plaintiff repeats and re-alleges paragraphs 1 though 23 as if expressly set forth herein.

25. The acts of the fellow employee along with WSU failure to properly address the matter are a violation of Title VII of the Civil Rights Act of 1964.

26. As a direct and proximate result of this violation, the Plaintiff has been injured.

WHEREFORE, Plaintiff demands judgment in the amount of $131,500.00 representing three years pay or in an amount deemed appropriate by this Honorable Court plus costs.

THE PLAINTIFF REQUESTS A TRIAL BY JURY

June 21, 2021

Damien J. Martin, Esq
Mass BBO# 633174
PO Box 1112
2341 Boston Road
Wilbraham, MA 01095
(413) 433-5000
(413) 304-6040 Fax
damien@djm-law.net